UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-20389-JLK

YVETTE GOMEZ,

    Plaintiff,

v.

CITY OF DORAL and MAYOR
JUAN CARLOS BERMUDEZ,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. No. 11) (the "Motion"), filed July 1, 2020. The Court has carefully considered the Motion, Plaintiff's Response (Doc. No. 12), Defendants' Reply (Doc. No. 13), and is otherwise fully advised in the premises.

**I.    BACKGROUND**

Plaintiff Yvette Gomez, a former law enforcement officer with the City of Doral Police Department, brings this action asserting claims for employment discrimination against the City of Doral and Mayor Juan Carlos Bermudez. *See* 2d Am. Compl., Doc. No. 10. According to the Second Amended Complaint (filed with leave of Court), Plaintiff was hired by the City of Doral Police Department in April 2008, where she worked until April 10, 2018, when she was allegedly "forced to resign from her position as Lieutenant . . . as a result of her abusive and intolerable working environment." *Id.* ¶¶ 18, 75. Plaintiff alleges that during her April 2008 interview, then-Chief Ricardo Gomez told another officer, "I do not care how great [Plaintiff] does, she will never be hired," which Plaintiff claims was "based upon sexual animus." *Id.* ¶ 19. Although Plaintiff was

hired after her interview, she alleges that, "[f]or the years that followed, while under Chief Gomez's management, [she] failed to receive promotions and deserved commendations due to unlawful discrimination and was treated disrespectfully and differently than her male coworkers . . . ." *Id.* ¶ 22.

The Second Amended Complaint brings claims for: sex discrimination in violation of the Florida Civil Rights Act ("FCRA") and Title VII of the Civil Rights Act of 1964 ("Title VII") against the City (Counts I and II); hostile work environment against the Mayor in his individual capacity (Count III); infringement on Plaintiff's right of freedom of association (Count IV) and infringement on Plaintiff's right of freedom of speech (Count V [sic]; should be Count VI) against the City; infringement on Plaintiff's right of freedom of association against the Mayor in his official capacity (Count V); and intentional infliction of emotional distress against the Mayor in his individual capacity (Count VI [sic]; should be Count VII).[1] Defendants, City of Doral and Mayor Juan Carlos Bermudez, have jointly moved to dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This opinion addresses that Motion to Dismiss.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[1] Plaintiff's First Amended Complaint (filed as a matter of course on February 18, 2020) was dismissed for failure to state a claim on May 18, 2020. *See* DE 9. Plaintiff was given thirty days to file a Second Amended Complaint and correct the deficiencies the Court observed. Plaintiff timely filed the Second Amended Complaint on June 17, 2020, which is the subject of the instant Motion to Dismiss. *See* DE 10, 11.

2

678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Defendants have moved to dismiss every count of the Second Amended Complaint. After careful consideration, the Court finds that the Second Amended Complaint should be dismissed in its entirety for the reasons stated herein.

#### A. Sex Discrimination (Counts I and II)

Defendants argue that Counts I and II should be dismissed because the Second Amended Complaint fails to state a claim for sex discrimination against the City of Doral. Under Title VII and FCRA, it is unlawful for an employer to "discharge . . . or otherwise to discriminate against any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a); Fla. Stat. § 760.10(1)(a). To make out a prima facie claim of sex discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside of her protected class more favorably. *See Roland v. U.S. Postal Serv.*, 200 F. App'x 868, 872 (11th Cir. 2006). Put another way, Plaintiff must plausibly allege that she was the subject of "intentional discrimination." *Id.*

Here, the Court finds that Plaintiff has failed to allege enough facts to make out a prima facie claim of sex discrimination. While Plaintiff has provided the names of other male employees whom she claims received more favorable treatment,[2] Plaintiff has failed to explain how those

---

[2] *See, e.g.,* Second Am. Compl., ¶ 22 ("For the years that followed, while under Chief Gomez's management, Ms. Gomez failed to receive promotions and deserved commendations due to unlawful discrimination and was treated disrespectfully and differently than her male coworkers, including similarly situated male officers such as Officer Yojans Martinez, Officer Javier De La Paz, and Officer Gregory Hitchings, as a female in the Department's male-dominated work environment. These male officers and

3

employees are similarly situated to her "in all material respects." *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc).

Plaintiff also fails to allege enough facts to support a constructive discharge theory of sex discrimination, just like last time. *See Pa. State Police v. Suders*, 124 S. Ct. 2342, 2347 (2004) ("Under the constructive discharge doctrine, . . . [t]he inquiry is objective: Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?"). Thus, Counts I and II will be dismissed for failure to state a claim.

### B. Hostile Work Environment Against the Mayor (Count III)

Defendants also move to dismiss Count III, which alleges hostile work environment against Mayor Bermudez in his individual capacity pursuant to 42 U.S.C. § 1983.[3] To make out a prima facie claim for hostile work environment based on sexual harassment, a plaintiff must show: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of the employment; and (5) there is a basis for holding the employer liable for the harassment. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). "Workplace conduct is not measured in isolation." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001). "Rather, the evidence of harassment is considered both cumulatively and in the totality of the circumstances." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010). *See also Hardin v. Stynchcomb*, 691 F.2d 1364, 1369 n.16 (11th Cir. 1982) ("When section 1983

---

Ms. Gomez were similarly situated in all material respects besides gender, including, inter alia, their rank, duties and responsibilities, and experience level.").

[3] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

is used as a parallel remedy for violation of section 703 of Title VII the elements of the two causes of action are the same."). Here, the Second Amended Complaint is devoid of facts plausibly suggesting that the harassment that Plaintiff (allegedly) suffered was based on sex. Thus, Count III will be dismissed for failure to state a claim.

### C. Infringement on Freedom of Association (Counts IV and V)

Defendants also move to dismiss Counts IV and V, both of which claim violations of Plaintiff's right to freedom of association under the First Amendment pursuant to 42 U.S.C. § 1983.[4] To impose section 1983 liability on a municipality, the plaintiff must show: (1) her constitutional rights were deprived; (2) the municipality had a policy or custom that constituted deliberate indifference to that constitutional right; and (3) the policy or custom was the "moving force" behind the constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has "defined custom as a practice that is so settled and permanent that it takes on the force of the law." *Id.* at 1290 (internal quotation marks omitted). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and widespread practice." *Id.* (internal quotation marks omitted).

Here, Plaintiff fails to allege that the City of Doral had a "policy or custom" of terminating employees based on their political associations with Councilmember Ruiz. Last time, Plaintiff's freedom-of-association claim was dismissed for only identifying one other employee who was

---

[4] Count IV is brought against the City of Doral, and Count V is brought against Mayor Bermudez in his official capacity. The Supreme Court has clarified that suits against municipal officials in their official capacities are functionally equivalent to suits against the municipality. Thus, the Court will analyze Counts IV and V under the same framework. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State. . . . Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law.'") (citations omitted).

5

terminated based on a political affiliation with Councilmember Ruiz. This time, Plaintiff identifies six other police officers who supposedly received adverse treatment based on their affiliation with Councilmember Ruiz (*see* 2d Am. Compl. ¶ 141), but Plaintiff provides no facts supporting these allegations. Nor does Plaintiff offer any details surrounding the circumstances of those employment decisions. The Court so finds that these allegations are conclusory, and Plaintiff has failed to identify the existence of a municipal policy or custom that is a "persistent and wide-spread practice."[5] For this reason, the Court lacks a statutory basis to impose municipal liability on the City of Doral under Counts IV and V, and these counts will be dismissed.

### D. Infringement on Freedom of Speech (Count VI)

Defendants also move to dismiss Count VI, which is brought against the City of Doral for First Amendment retaliation. For a government employee to prove retaliation in violation of the First Amendment right of freedom of speech, the employee must show: (1) that she was speaking on matters of public concern; (2) that her interests as a citizen outweigh the interests of the government as an employer; and (3) the speech played a substantial or motivating role in the government's decision to take adverse employment action. *Akins v. Fulton Cty., Ga.*, 420 F.3d 1293, 1303 (11th Cir. 2005). Regarding the first prong, an employee does not speak as a "private citizen" when the speech "owes its existence to a public employee's professional responsibilities." *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006). Courts must evaluate the "content, form, and context" of a given statement and consider whether the "speech in question is essentially public in nature or private, whether the speech was communicated to the public at large or privately to an individual, and what the speaker's motivation in speaking was." *Mitchell v. Hillsborough Cty.*, 468

---

[5] Additionally, the Court finds that Plaintiff fails to plausibly allege that Mayor Bermudez was the "official policymaker" for the City of Doral with respect to employment decisions. *See* Or. Granting Mot. Dismiss, DE 9 at 6 n.2.

F.3d 1276, 1283 (11th Cir. 2006) (internal citations omitted). After careful consideration, the Court finds that Plaintiff has failed to allege enough facts to plausibly suggest that her comments made during the Florida Department of Law Enforcement ("FDLE") investigation were "public in nature." Count VI will therefore be dismissed.

### E. Intentional Infliction of Emotional Distress (Count VII)

Defendants also move to dismiss Plaintiff's final claim, which is for Intentional Infliction of Emotional Distress ("IIED") against Mayor Bermudez in his individual capacity. To state a claim for IIED, a plaintiff must show: "(1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe*." Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014). Whether conduct is "outrageous" is a question of law for the court, not a question of fact. *Vamper v. United Parcel Service, Inc.*, 14 F. Supp. 2d 1301, 1306 (S.D. Fla. 1998). After careful consideration, the Court finds that the allegations against the City of Doral and Mayor Bermudez are not sufficiently "outrageous" to support a claim for IIED. Put another way, Plaintiff has not plausibly alleged that the conduct of Defendants went "beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community." Thus, Count VII will be dismissed.

### IV.   CONCLUSION

The Court has carefully considered the entire record and finds that Plaintiff's action should be dismissed. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendants'

Motion to Dismiss **(DE 11)** be, and the same is, hereby **GRANTED**. Plaintiff's Second Amended Complaint **(DE 10)** is hereby **DISMISSED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 5th day of March, 2021.

*[Signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   **All counsel of record**