UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-20389-BLOOM/Elfenbein

**YVETTE GOMEZ**,

    Plaintiff,

v.

**CITY OF DORAL**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Yvette Gomez's ("Plaintiff") Notice of Defendant's Continued Non-Compliance with Settlement Agreement and Violation of This Court's Order, and Renewed Motion for Sanctions (the "Motion"), ECF No. [159]. Defendant City of Doral ("Defendant") thereafter filed its Response, or in the Alternative, Motion for 30-Day Extension *Nunc Pro Tunc* (the "Response"), ECF No. [168]. Plaintiff did not file a Reply in support of the Motion. The Honorable Beth Bloom referred the Motion to me for a Report and Recommendations. *See* ECF No. [161]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [159]**, be **DENIED**, and the request for extension of time *nunc pro tunc* contained in the Response, **ECF No. [168]**, be **DENIED as moot**.

## I.    BACKGROUND

This case arises under the Florida Civil Rights Act of 1992, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, violations of Doral's municipal charter, a violation of the First Amendment, and a violation of the Law Enforcement Officer Bill of Rights. *See* ECF No. [1-3] at ¶¶67-131. Plaintiff, a former law enforcement officer employed with the Doral Police

Department, sued Defendant and its mayor Juan Carlos Bermudez in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, after her employment was terminated. *See id.* at ¶¶7-8. Defendant and Bermudez[1] removed the action to this Court. *See* ECF No. [1].

### A.  Procedural History

The procedural history of this case is lengthy, spanning six years and involving three amended complaints, an appeal to the Eleventh Circuit, and a remand to the Court. Relevant here, the Parties entered into a settlement on August 25, 2025, and Plaintiff filed a motion to reopen the case[2] in October 2025 to enforce the settlement agreement because Defendant failed to comply with the agreed-upon terms. *See* ECF No. [155] at ¶¶1-5. The Court thereafter denied the motion but indicated that Plaintiff may file a motion to enforce the settlement agreement in November 2025. *See* ECF No. [156]. Plaintiff did just that and moved for settlement enforcement along with attorney's fees and sanctions in January 2026. *See* ECF No. [157]. The basis for Plaintiff's motion was Defendant's delayed compliance with the terms of settlement, including payment of settlement funds and the non-monetary obligations of removing an Internal Affairs Investigation (the "IA Investigation") from Defendant's personnel files and filing an Amended Affidavit of Separation (the "Affidavit of Separation") indicating that the reason for separation was voluntary (rather than misconduct). *See id.* at ¶¶12-17.  Defendant did not file a response to that motion. The Court granted it in part, finding that the settlement agreement was valid and enforceable. *See* ECF No. [158]. The Court specifically ordered Defendant to remove the IA Investigation from Plaintiff's personnel file, file an Amended Affidavit of Separation according to the settlement agreement, and

---

[1] The settlement agreement indicates that Bermudez has been dismissed from the case. *See* ECF No. [157-1] at 1.
[2] The case was administratively closed in March 2025, *see* ECF No. [154], after the Parties filed a third joint motion for additional stay and informed the Court that while they had reached a tentative settlement agreement, they needed time to finalize and approve it. *See* ECF No. [155] at ¶¶1-5.

2

provide verification of compliance by February 27, 2026. *See id*. at 4. The Court, however, denied Plaintiff's request for sanctions because the settlement agreement does not contain any provisions requiring assessment of interest for late payments, sanctions for non-compliance, or attorney's fees and costs for seeking enforcement of the settlement agreement. *See id*. at 2-3.

### B. The Motion and Response

After Defendant failed to comply with the Court's order enforcing the nonmonetary terms of the Settlement Agreement, Plaintiff filed the Motion, asserting that Defendant failed to timely provide proof of compliance regarding the IA Investigation and the Amended Affidavit of Separation and had not requested an extension of time to do so. *See* ECF No. [159] at ¶4. She notes that six months had passed since the Parties executed the settlement agreement; yet Defendants still failed to comply with its terms. *See id*. at ¶5. Plaintiff contends that Defendant's breach and disregard of the Court's Order are prejudicial, depriving her of the "full benefit of the bargain by which she agreed to resolve the claims asserted against Defendant in this action," and that Defendant will not comply with its obligations unless it is sanctioned. *See id*. at ¶¶6-7. Because of this, Plaintiff renews her motion for attorney's fees and sanctions, specifically requesting that the Court (1) impose sanctions on Defendant for continued non-compliance with the settlement agreement and the Court's February 2026 Order; (2) award reasonable attorney's fees and costs; (3) impose a daily fine for each day of continued non-compliance; and (3) compel compliance with all non-monetary terms of the settlement agreement and the requirements imposed in the Court's February 2026 order. *See id*. at 3.

In its Response, Defendant concedes that although the settlement agreement did not include a timeframe for compliance, the Court ordered compliance with its non-monetary terms by February 27, 2026. *See* ECF No. [168] at ¶1. Defendant also explains that it executed the

Affidavit of Separation on March 19, 2026 and sent it to "F[lorida] D[epartment of] L[aw] E[nforcement]." *See id*. at ¶2.  With respect to the IA Investigation, Defendant contends it is not part of Plaintiff's personnel file and that on March 21, 2026, Defendant executed a letter verifying its efforts in reviewing Plaintiff's file and confirming it contains neither the IA investigation nor reference to it. *See id*. at ¶ 3.  Further, Defendant indicates that it sent Plaintiff and her counsel a copy of both the Affidavit of Separation and letter regarding the IA Investigation on March 27, 2026. *See id*; *see also* ECF No. [168-1].  Conceding its delay, Defendant asserts that it was simply due to the administrative review process, was not the result of malicious intent, and Plaintiff has not been prejudiced.  *See id*. at ¶¶2-3. Defendant alternatively requests a 30-day extension, *nunc pro tunc*, as it relates to providing verification regarding compliance with the non-monetary terms of the settlement agreement.  *See id*. at ¶5.

II.     **LEGAL STANDARDS**

Federal courts have the inherent power to control the proceedings and conduct of the parties. *See In re Mroz*, 65 F.3d 1567, 1574-75 (11th Cir. 1995) (citing  *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).  This power is multi-faceted and includes the power to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *See Chambers*, 501 U.S. at 43 (citations omitted).  The power to punish for contempt is inherent in all courts and it "reaches both conduct before the court and beyond its confines" and the underlying concern giving rise to the contempt power was disobedience of judicial orders regardless of whether such disobedience interfered with conducting trial. *See id*; *see also Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987).  The court's inherent powers also include the power to control and discipline attorneys appearing before it. *See In re Mroz*, 65 F.3d at 1575.  Because of their potent nature, the court's inherent powers "must be exercised with restraint and discretion." *See id*.  As such, a court may assess attorney's fees in narrowly defined circumstances, including as a sanction

4

for a willful disobedience of a court order, or when a party has acted in bad faith, wantonly, vexatiously, or oppressively. *See Chambers*, 501 U.S. at 45-46; *see also Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015) (explaining that sanctions under the Court's inherent authority may include monetary penalties, adverse inferences, and the striking of claims and defenses.).

The Eleventh Circuit has held that the "[t]he key to unlocking a court's inherent power is a finding of bad faith." *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citation omitted). And this finding of bad faith is subjective. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224 (11th Cir. 2017). A finding of bad faith is appropriate where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *See id*. (citation omitted). When considering sanctions under the court's inherent power, "the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C.] § 1927." *See Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (quotations and citations omitted). When assessing whether an award is proper under the bad faith standard, the question focuses primarily on the conduct and motive of a party, rather than the validity of the case. *See Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1336 (S.D. Fla. 2007).

## III.    DISCUSSION

In the Motion, Plaintiff asks the Court to once again compel compliance with the non-monetary terms of the settlement agreement and to impose sanctions, awarding reasonable attorney's fees and costs and a daily fine for each day of continued non-compliance. As to the former, Defendant has complied with all non-monetary terms of the settlement agreement since

5

the filing of the Motion. *See* ECF No. [168-1]. Indeed, in its Response, Defendant submits an email indicating that Defendant submitted the Affidavit of Separation with FDLE and confirming the IA Investigation report is not in Plaintiff's personnel file, attaching the two documents to the email. *See id*. Plaintiff did not file a Reply otherwise disputing Defendant's assertions and proof of compliance with the two non-monetary terms; accordingly, this issue has become moot. The Court, however, must still address Plaintiff's request for sanctions.

As noted in the February 2026 Order, the settlement agreement "does not contain any provisions requiring the payment of interest for late payments, sanctions for non-compliance, or awarding attorney's fees and costs for seeking enforcement of the agreement." *See* ECF No. [158] at 3. In the Motion, Plaintiff fails to direct the Court to any statute, Federal Rule of Civil Procedure, or other authority as the basis on which to award sanctions. For that reason, the Court will limit its analysis to whether Defendant should be sanctioned under its inherent authority.

As part of its inherent powers, the Court has the discretion to assess attorney's fees as a sanction for willful disobedience of a court order or when a party has acted in bad faith. *See Chambers*, 501 U.S. at 45-46. When determining whether a party has acted in bad faith, the main inquiry focuses on the party's conduct and motive. *See Bernal*, 479 F. Supp. 2d at 1336. As such, the Court must first determine whether Defendant acted in bad faith.

Plaintiff's request for sanctions and attorney's fees is based solely on Defendant's non-compliance with the Court's February 2026 Order and its failure to seek and obtain an extension of time to comply. *See* ECF No. [159] at ¶¶4, 7. In its Response, Defendant acknowledges its dilatory behavior and explains that such delay was the result of the administrative review process within the City and not a result of malicious intent. *See* ECF No. [168] at ¶¶2-3.

As noted above, Plaintiff did not file a Reply and consequently does not dispute that Defendant complied with the Court's February 2026 Order, albeit a month late. As a result, she concedes that Defendant met its obligation and its dilatory behavior was due to varying levels of administrative review needed to provide Plaintiff with the Affidavit of Separation and confirmation regarding the IA Investigation. To the extent Plaintiff suffered any prejudice from the delay, that is now resolved, given Defendant's compliance. Because Defendant explained that its delay was not intentional but was a result of administrative delay and Plaintiff has not provided the Court with any evidence to the contrary or otherwise disputed these assertions in the Response, the Court finds Defendant did not act in bad faith. *See Purchasing Power, LLC*, 851 F.3d at 1225 (explaining that courts "considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority."). At most, Defendants displayed dilatory and careless behavior, but this does not rise to the level of bad faith warranting sanctions and fees under the Court's inherent authority. Accordingly, I respectfully recommend the Motion, ECF No. [159], be **DENIED**.

## IV.    CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Motion, **ECF No. [159],** be **DENIED,** and Defendant's alternative request for extension of time *nunc pro tunc* contained in the Response, ECF No. [168], be **DENIED as moot**.

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and

CASE NO. 20-CV-20389-BLOOM/Elfenbein

legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on May 22, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

8